# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CATLIN SYNDICATE LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-cv-07582 |
| | ) | |
| PHILIP E. RUBEN, | ) | Judge Marvin E. Aspen |
| and | ) | |
| LAURALEE K. BELL, TRUSTEE | ) | Magistrate Judge Jeffrey T. Gilbert |
| OF THE LAURALEE K. BELL | ) | |
| 1993 TRUST, | ) | |
| | ) | |
| Defendants. | ) | |

## UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff, Catlin Syndicate Limited, by its undersigned attorneys, states as follows in support of its Unopposed Motion for Entry of Consent Judgment:

1. Defendant Lauralee K. Bell ("Bell"), as Trustee of the Lauralee K. Bell 1993 Trust (the "Bell Trust"), asserted claims against the law firm of Levenfeld Pearlstein, LLC ("Levenfeld"), Philip E. Ruben ("Ruben") and other current or former Levenfeld attorneys in a lawsuit captioned *Lauralee K. Bell, Trustee of the Lauralee K. Bell 1993 Trust v. William P. Dugan, et al.*, (Case No. 08 L 011554, Circuit Court of Cook County, Illinois), and in an arbitration captioned *Lauralee K. Bell, Trustee of the Lauralee K. Bell 1993 Trust v. Levenfeld Pearlstein, et al.*, (Case No. 51 148 Y 00837 10 American Arbitration Association). Bell also has pending claims against Ruben in an adversary proceeding captioned *Lauralee K. Bell v. Philip E. Ruben* (Adv. Proc. No. 10-01515 U.S.B.C.N.D. Illinois). The Cook County lawsuit (the "Bell Lawsuit"), the arbitration proceeding (the "Bell Arbitration") and the adversary

1

proceeding (the "Bell Adversary Proceeding") are collectively referred to herein as the "Bell Claim."

2. By February 6, 2012, Bell settled her claims against all of those named in the Bell Arbitration, except Ruben. Catlin funded a significant portion of that settlement using Catlin Policy proceeds.

3. On February 10, 2012, pursuant to a settlement agreement and release, the arbitration panel in the Bell Arbitration entered an "Agreed Order of Dismissal With Prejudice of Respondents Blackman and Levenfeld Pearlstein and Certain Claims against Respondent Ruben." Upon entry of this Agreed Order, Ruben was the only remaining respondent in the Bell Arbitration, and Bell's only remaining claims against Ruben submitted to the arbitration panel for judgment were fraud-based. In particular, all of the non-fraud based claims (Counts III, IV, V, VI, VII, and IX) against Ruben were dismissed with prejudice. Following entry of that Agreed Order, Bell's only remaining claims against Ruben were for fraud (Count I), fraudulent concealment (Count II), and civil conspiracy (Count VIII).

4. Subsequently, on or about March 5, 2012, the arbitration panel in the Bell Arbitration issued its *Award of Arbitrators* (the "Award"). In the Award, the arbitration panel held, among other things, that "[t]he administrative fees and expenses of the American Arbitration Association that were advanced by [Bell] totaling $21,200.00 and the compensation and expenses of the arbitrators that were advanced by [Bell] totaling $150,304.54 shall be borne by [Ruben]." The arbitration panel further held that Ruben "shall reimburse [Bell] the sum of $171,504.54, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by [Bell]." The Award is final.

5. Catlin (through Catlin Syndicate 2003) subscribed to Excess Lawyers Professional Liability Policy No. B0879P020440800 issued to Levenfeld for the Policy Period May 22, 2008, to May 22, 2009 (the "Catlin Policy"). Ruben, among others, sought coverage under the Catlin Policy for his damages and claim expenses incurred in the Bell Claim.

6. Catlin did not admit coverage for the Bell Claim under the Catlin Policy, reserved all of its rights while defending its insureds, including Ruben, against the Bell Claim, and filed this lawsuit (the "Coverage Lawsuit") seeking *inter alia* a declaration that there is no coverage for the Bell Claim.

7. Catlin now alleges in the Coverage Lawsuit that the Catlin Policy does not cover, among other things, the Award. Second Amended Complaint, Count III, paragraph 87. "Under Exclusion IV.A. [of the Catlin Policy], Catlin has no obligation to pay any claim expense or damages incurred by the Insured in connection with any claim 'based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured . . . .'" Second Amended Complaint, Count III, paragraph 86.

8. Bell and Catlin agree that, because the only claims that were before the arbitration panel at the time of the Award were fraud-based, Exclusion IV.A applies and excludes coverage for the Award. Accordingly, Bell and Catlin have stipulated to the terms of and executed a Consent Judgment, which is attached to the instant Motion as Exhibit A.

9. As is set forth in the Consent Judgment, Bell has acknowledged that Ruben and Catlin have agreed to a settlement and mutual release of all claims as between them, and has been apprised of the terms of that settlement and mutual release. Bell has agreed that neither she nor anyone acting on her or the Bell Trust's behalf will object to or otherwise challenge the settlement and mutual release between Catlin and Ruben.

10. Bell and Catlin have also stipulated that nothing in the Consent Judgment, if entered, shall be construed to prejudice Bell's right to pursue recovery of the Award from Ruben.

11. Bell's counsel has confirmed that Bell does not oppose the instant Motion and seeks prompt entry of the Consent Judgment.

WHEREFORE, Catlin hereby requests this Court to enter the Consent Judgment attached hereto as Exhibit A and submitted to the Court contemporaneously herewith.

Dated: June 22, 2012

Respectfully submitted,

CATLIN SYNDICATE LIMITED

By: /s/ Richard M. Kuntz

Richard M. Kuntz
RUBERRY, STALMACK & GARVEY, LLC
500 West Madison Street, Suite 2300
Chicago, Illinois 60661

312-466-8050 (t)
312-466-8055 (f)

# CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2012, I electronically filed the foregoing Unopposed Motion for Entry of Consent Judgment with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, using the CM/ECF system. A copy was served on counsel identified below by first-class, U.S. Mail on this 22nd day of June 2012.

> Eugene J. Frett
> Bruce S. Sperling
> Sperling & Slater
> 55 West Monroe St., Suite 3200
> Chicago, IL 60603

Attorneys for Defendant Lauralee K. Bell,
Trustee of the Lauralee K. Bell 1993 Trust


/s/ Richard M. Kuntz

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CATLIN SYNDICATE LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:11-cv-07582 |
| | ) |
| | ) |
| PHILIP E. RUBEN, | ) Judge Marvin E. Aspen |
| and | ) |
| LAURALEE K. BELL, TRUSTEE | ) Magistrate Judge Jeffrey T. Gilbert |
| OF THE LAURALEE K. BELL | ) |
| 1993 TRUST, | ) |
| | ) |
| Defendants. | ) |

## CONSENT JUDGMENT

This matter comes before the Court upon the agreement of Catlin Syndicate Limited ("Catlin") and Lauralee K. Bell ("Bell"), as Trustee of the Lauralee K. Bell 1993 Trust (the "Bell Trust"), for entry of judgment in this action. Catlin and Bell stipulate to each of the following:

A. Bell asserted claims against the law firm of Levenfeld Pearlstein, LLC ("Levenfeld"), Philip E. Ruben ("Ruben") and other current or former Levenfeld attorneys in a lawsuit captioned *Lauralee K. Bell, Trustee of the Lauralee K. Bell 1993 Trust v. William P. Dugan, et al.*, (Case No. 08 L 011554, Circuit Court of Cook County, Illinois), and in an arbitration captioned *Lauralee K. Bell, Trustee of the Lauralee K. Bell 1993 Trust v. Levenfeld Pearlstein, et al.*, (Case No. 51 148 Y 00837 10, American Arbitration Association). Bell also has pending claims against Ruben in an adversary proceeding captioned *Lauralee K. Bell v. Philip E. Ruben* (Adv. Proc. No. 10-01515 U.S.B.C.N.D. Illinois). The Cook County lawsuit (the "Bell Lawsuit"), the arbitration proceeding (the "Bell Arbitration") and the adversary proceeding (the "Bell Adversary Proceeding") are collectively referred to herein as the "Bell Claim."

1

B.  By February 6, 2012, Bell settled her claims against all of those named in the Bell Arbitration, except Ruben. Catlin funded a significant portion of that settlement using Catlin Policy proceeds.

C.  On February 10, 2012, pursuant to a settlement agreement and release, the arbitration panel in the Bell Arbitration entered an "Agreed Order of Dismissal With Prejudice of Respondents Blackman and Levenfeld Pearlstein and Certain Claims Against Respondent Ruben." Upon entry of this Agreed Order, Ruben was the only remaining respondent in the Bell Arbitration, and Ms. Bell's only remaining claims against Ruben submitted to the arbitration panel for judgment were fraud-based. In particular, all of the non-fraud-based claims (Counts III, IV, V, VI, VII, and IX) against Ruben were dismissed with prejudice. Following entry of that Agreed Order, Ms. Bell's only remaining claims against Ruben were for fraud (Count I), fraudulent concealment (Count II), and civil conspiracy (Count VIII).

D.  Subsequently, on March 6, 2012, the arbitration panel in the Bell Arbitration issued its *Award of Arbitrators* (the "Award"). In the Award, the arbitration panel held, among other things, that "[t]he administrative fees and expenses of the American Arbitration Association that were advanced by [Bell] totaling $21,200.00 and the compensation and expenses of the arbitrators that were advanced by [Bell] totaling $150,304.54 shall be borne by [Ruben]." And, further, the arbitration panel held that Ruben "shall reimburse [Bell] the sum of $171,504.54, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by [Bell]." The Award is final.

E.  Catlin (through Catlin Syndicate 2003) subscribed to Excess Lawyers Professional Liability Policy No. B0879P020440800 issued to Levenfeld Pearlstein, LLC, for the Policy Period May 22, 2008, to May 22, 2009 (the "Catlin Policy"). Ruben, among others,

sought coverage under the Catlin Policy for his damages and claim expenses incurred in the Bell Claim.

F.     Catlin did not admit coverage for the Bell Claim under the Catlin Policy, reserved all of its rights while defending its insureds, including Ruben, against the Bell Claim, and filed the above-captioned lawsuit (the "Coverage Lawsuit") seeking *inter alia* a declaration that there is no coverage for the Bell Claim.

G.     Catlin now alleges in the Coverage Lawsuit that the Catlin Policy does not cover, among other things, the Award. Second Amended Complaint, Count III, paragraph 87. "Under Exclusion IV.A [of the Catlin Policy], Catlin has no obligation to pay any claim expense or damages incurred by the Insured in connection with any claim 'based on or arising out of any dishonest, fraudulent, criminal or malicious act or omission by an Insured . . . .'" Second Amended Complaint, Count III, paragraph 86.

H.     Bell and Catlin agree that, because the only claims that were before the arbitration panel at the time of the Award were fraud-based, Exclusion IV.A applies and excludes coverage for the Award.

I.     Bell has acknowledged that Ruben and Catlin have agreed to a settlement and mutual release of all claims as between them, and has been apprised of the terms of that settlement and mutual release. Bell has agreed that neither she nor anyone acting on her or the Bell Trust's behalf will object to or otherwise challenge the settlement and mutual release between Catlin and Ruben.

J.     Nothing in this Consent Judgment shall be construed to prejudice Bell's right to pursue recovery of the Award from Ruben.

3

In accordance with these stipulations and the agreement of Catlin and Bell, and for good cause shown, the Court ORDERS, ADJUDGES, and DECREES, and hereby enters JUDGMENT, as follows:

1. The Catlin Policy affords no coverage for the Award because Exclusion IV.A precludes coverage. Judgment is therefore entered in favor of plaintiff, Catlin Syndicate Limited.

2. Each party to bear their own costs and expenses, including attorneys' fees.

3. This is a final judgment.

IT IS SO ORDERED.

_____
HONORABLE MARVIN E. ASPEN

AGREED AND APPROVED:

_____
Edward F. Ruberry
Richard M. Kuntz
RUBERRY STALMACK & GARVEY
500 West Madison, Suite 2300
Chicago, IL 60661

*Counsel for Catlin Syndicate Limited*

_____
Catlin Syndicate Limited

Printed Name: MARK C BREITENBACH

Joel G. Chefitz
Joshua T. Buchman
Aron J. Frakes
James P. Durkin
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606

*Counsel for Lauralee K. Bell, as Trustee of the Lauralee K. Bell 1993 Trust*

_____
Lauralee K. Bell, as Trustee of the
Lauralee K. Bell 1993 Trust

DM_US 35505009-1.080397.0011

4

In accordance with these stipulations and the agreement of Catlin and Bell, and for good cause shown, the Court ORDERS, ADJUDGES, and DECREES, and hereby enters JUDGMENT, as follows:

1. The Catlin Policy affords no coverage for the Award because Exclusion IV.A precludes coverage. Judgment is therefore entered in favor of plaintiff, Catlin Syndicate Limited.

2. Each party to bear their own costs and expenses, including attorneys' fees.

3. This is a final judgment.

IT IS SO ORDERED.

_____
HONORABLE MARVIN E. ASPEN

AGREED AND APPROVED:

_____      _____
Edward F. Ruberry                   Catlin Syndicate Limited
Richard M. Kuntz
RUBERRY STALMACK & GARVEY           Printed Name: _____
500 West Madison, Suite 2300
Chicago, IL 60661

*Counsel for Catlin Syndicate Limited*

_____      _____
Joel G. Chefitz                     Lauralee K. Bell, as Trustee of the
Joshua T. Buchman                   Lauralee K. Bell 1993 Trust
Aron J. Frakes
James P. Durkin
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606

*Counsel for Lauralee K. Bell, as Trustee
of the Lauralee K. Bell 1993 Trust*

DM_US 35505009-1.080397.0011

4